IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


TOMMY R. MCGUIRE,

    Petitioner,

v.                                            CASE NO. 1:08-cv-128-MMP-AK

WALTER A. MCNEIL,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

This cause is before the Court on Petitioner's "Rule 60(b) Petition as Independent Action," in which Petitioner "seeks an order of this Court to void the August 1, 2003, decision which denied and dismissed the Section 2254 Petition for Habeas Corpus, with prejudice." Doc. 1. The habeas decision to which Petitioner refers was rendered by the United States District Court for the Middle District of Florida. Doc.1, App. A. The Eleventh Circuit denied him a certificate of appealability. *McGuire v. McDonough*, Cause No. 3:02cv687-TJC-HTS (M.D. Fla.) at Doc. 29. The Middle District also denied Petitioner Rule 60(b) relief based on a lack of jurisdiction[1] or, alternatively, because the request was untimely, the motion having been filed

---

[1] Though not specifically stated, it is clear that the court believed Petitioner was really attempting to file a second or successive petition which he did not have permission from the Eleventh Circuit to file, since, without prior appellate court permission, the district court lacked jurisdiction over another habeas petition attacking the same judgment. See 28 U.S.C. § 2244(b)(1)(3).

over three years after the Eleventh Circuit denied the original certificate of appealability. *McGuire* at Docs. 30 & 34. The Eleventh Circuit likewise denied Petitioner a certificate of appealability regarding the denial of the Rule 60(b) motion, as he "failed to make a substantial showing of the denial of a constitutional right." *Id*. at 41.

In the instant Rule 60(b) motion, Petitioner proclaims, "The basis for the Petitioner's attack on this [state court criminal] judgment is new evidence of fraud perpetrated on the state court by trial counsel." Doc. 1. The underlying criminal judgment was rendered in the Circuit Court of Columbia County, Florida. *McGuire v. State*, 771 So.2d 528 (Fla. Dist. Ct. App. 2000).

Having carefully considered the matter, the Court recommends that this cause be dismissed for several reasons. First, this Court does not sit as a super-appellate court to review the decisions of either a sister district court or the Eleventh Circuit Court of Appeals, and it is this role which Petitioner wants the Court to assume when he complains that the district court in the Middle District was biased and prejudiced and "arbitrarily applied the wrong standard of review" when it denied his Rule 60(b) motion. Second, in the context of a habeas proceeding, the fraud exception under Rule 60(b)(3) applies only when there are allegations impugning the integrity of the federal habeas proceedings, not when a petitioner alleges that his trial counsel committed fraud during the state court trial proceedings, as instant Petitioner does here. In that instance, the petitioner, in reality, seeks another bite at the habeas apple, which must be authorized by the appropriate federal court of appeals. *See Gonzalez v. Crosby*, 125 S.Ct. 2641, 2648, 2648 n.5 (2005); *Williams v. Chatman*, 510 F.3d 1290, 1293-94 (11th Cir. 2007); *Gonzalez v. Secretary for Department of Correction*, 366 F.3d 1253, 1278-86 (11th Cir. 2004).

Accordingly, it is respectfully **RECOMMENDED** that the Rule 60(b) Petition as

Independent Action, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this   *25th* day of June, 2008.


  *s/ A. KORNBLUM*
  **ALLAN KORNBLUM**
  **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.